

WWW.MKCLAWGROUP.COM
LAW OFFICES OF MICHAEL K. CHONG, LLC

| NEW YORK: | FORT LEE: | HOBOKEN: |
|---|---|---|
| 32 EAST 57TH STREET, 8TH FL. | 2 EXECUTIVE DRIVE, STE. 240 | 300 HUDSON STREET. STE. 10 |
| NEW YORK, NEW YORK 10022 | FORT LEE, NEW JERSEY 07024 | HOBOKEN, NEW JERSEY 07024 |
| (212) 726-1104 | (201) 947-5200 | (201) 708-6675 |
| FAX (212) 726-3104 | FAX (201) 708-6676 | FAX (201) 708-6676 |

*Please Reply to: FORT LEE*

EMAIL: MKC@MKCLAWGROUP.COM

July 10, 2025

<u>Via ECF</u>
Hon. Robyn F. Tarnofsky, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: Garcia et al v. Burrata Basil Pizza Inc. et al
Docket No.: 1:24-cv-07807-JHR-RFT

Dear Judge Tarnofsky:

This office represents defendants Burrata Basil Pizza Inc., Ibrahim Khalf, and Emad Youssef (hereinafter collectively "Defendants") in the above referenced matter. We are in receipt of Plaintiff's Motion for leave to file a Second Amended Complaint, filed on June 26, 2025 (ECF 39), and Your Honor's Order dated July 1, 2025 (ECF 40) for Defendants to respond to Plaintiff's motion by July 11, 2025. Defendants respectfully submit the following opposition to Plaintiff's motion to amend the Complaint to add race and/or national origin discrimination claims to the above referenced FLSA/NYLL wage and hour lawsuit.

### OVERVIEW / STATEMENT OF FACTS

Plaintiffs commenced this action on October 15, 2024, alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for unpaid minimum and overtime wages, failure to provide wage notices, and spread-of-hours compensation.

On April 14, 2025 the Court entered a Case Management Plan (ECF 26) setting June 13, 2025 as the final date for amending pleadings. Plaintiffs exchanged Initial Disclosures on April 10, 2025. On June 26, 2025, Plaintiffs moved for leave to amend the Complaint to add extensive new allegations asserting discrimination based on race and national origin, including verbal abuse, physical assaults, and hostile work environment claims allegedly perpetrated by Defendant Emad Youssef.

1

First, Plaintiffs Motion to Amend is out of time. The Court set a hard deadline of June 13, 2025 as the final date for amending pleadings. Plaintiffs filed their Motion to Amend on June 26, 2025, almost two (2) weeks past the due date. As such, Plaintiffs are out of time to amend the Complaint.

Second, during the June 16, 2025 Mediation of this matter, there was never any mention of any alleged race and/or national origin discrimination. The case did not settle at Mediation. My office continued to engage in good faith settlement discussions with Plaintiff's counsel after the Mediation. During this time, after the Mediation, Plaintiff's counsel "conjured up" alleged claims of race and/or national origin discrimination. It is Defendants' position that Plaintiffs have "conjured up" these new allegations to justify a higher settlement demand number, as this is a straightforward wage and hour case, and Defendants have produced all relevant time and pay documents to Plaintiff on May 22, 2025 establishing that Plaintiffs were properly compensated. The timing speaks for itself.

Moreover, according to Plaintiffs' proposed Amended Complaint, the earliest discriminatory conduct occurred in March 2022, and the most recent incident is alleged to have taken place on or about March 28, 2024. Despite having over a year from the last discriminatory act and several months during active litigation, Plaintiffs did not seek leave to amend until after the Court-ordered deadline had expired. It begs the question – why did they wait so long? Especially when the claims alleged were so vivid and serious in nature. It is Defendants position that the claims were "conjured up" to justify an increased settlement demand as provided above.

In addition, there is extensive legal authority and specific court rules which govern amending a Complaint and consolidation of claims. Here, Plaintiffs' Wage and Hour claims and Plaintiffs' Discrimination claims should not be consolidated as: (1) Plaintiffs have failed to establish good cause under Fed. R. Civ. P. 16(b)(4); (2) for permitting amendment at this late stage as it would cause undue prejudice to Defendants, and disrupt the orderly progression of discovery in this case, Defendants have provided all relevant documents to Plaintiff's counsel, a total of 221 bate stamped documents and served written discovery already; and (3) though not all claims are time-barred, the proposed new claims do not relate back under Rule 15(c).

## I. PLAINTIFFS ARE OUT OF TIME AND HAVE FAILED TO SHOW GOOD CAUSE UNDER RULE 16(b)(4)

As the Court is aware, the operative Case Management Plan and Scheduling Order, entered into on April 14, 2025 (ECF 26), explicitly set June 13, 2025 as the *final* date for amendment of pleadings. Plaintiffs did not file their motion to amend until June 26, 2025, thirteen (13) days after the Court-ordered deadline. Since the deadline has passed, the Court must evaluate the motion under the "good cause" standard of Rule 16(b)(4).

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Good cause requires a demonstration that the moving party was diligent in attempting to meet the deadline, and that the failure to timely amend was not due to lack of diligence or strategic delay. *See* Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).

Here, Plaintiffs offer no explanation for their failure to timely assert the alleged discrimination claims. The alleged misconduct underpinning the proposed claims dates back as far as March 2022, with the most recent allegations from March 28, 2024 (*See* Proposed Amendment Complaint, Paragraph 87). Plaintiffs filed their original Complaint on October 15, 2024, and exchanged Initial Disclosures on April 10, 2025. Thus, Plaintiffs had at least eight (8) months to investigate and plead these claims. Plaintiffs do not claim to have discovered any new facts since the amendment deadline. Their failure to timely amend, without explanation, is fatal under Rule 16.

## II.   PERMITTING AMENDMENT WOULD RESULT IN UNDUE PREJUDICE TO DEFENDANTS

Even assuming arguendo that good cause existed, the Court must also consider the standard under Rule 15(a)(2), which allows amendment only "when justice so requires." Here, permitting Plaintiffs to introduce entirely new claims under multiple civil rights statutes at this late 11th hour stage would unduly prejudice the Defendants. Indeed the entire exchange of relevant discovery information and the parties participation in a full Mediation on June 16, 2025 – would have all been for naught – a waste of time and resources.

Defendants' requests for discovery have been served, with the current deadline for completing depositions set for September 30, 2025, and fact discovery concluding on October 10, 2025. The wage-and-hour claims already require extensive factual development, including payroll practices, timekeeping systems, and class certification issues. Adding claims for alleged discriminatory harassment, retaliation, and physical assault at this late stage would necessitate reopening and a "re-do" of written discovery, adding fact witnesses, obtaining medical and mental health records, and potentially concluding expert discovery regarding emotional distress. As provided above, Plaintiff's counsel had months if not years to assert these alleged claims, yet failed to do so.

The expansion of scope would burden Defendants with significantly increased costs, delay resolution of the case, and undermine the efficiency contemplated by the scheduling order. *See* Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) (undue prejudice includes "the burden of additional discovery, the cost of new litigation, and the likelihood of delay").

### III.   THE PROPOSED CLAIMS DO NOT RELATE BACK UNDER RULE 15(c)

Finally, even if the Court were inclined to allow amendment, the new claims do not relate back to the original Complaint under Rule 15(c)(1)(B), which permits relation back only when "the amendment asserts a claim... that arose out of the conduct, transaction, or occurrence set out... in the original pleading."

Here, the original Complaint asserts claims solely for unpaid wages, overtime, and wage notice violations under the FLSA and NYLL. It contains no mention of any racial or national origin discrimination, physical or verbal abuse, or harassment. The new allegations in Plaintiffs' Proposed Amended Complaint, Paragraphs 72-97, involve completely distinct factual issues, including derogatory slurs, physical assaults, and threats.

Courts routinely hold that discrimination and harassment claims do not relate back to wage-and-hour complaints absent overlapping facts. *See* Guerra v. Trece Corp., 2020 WL 7028955, at *3 (S.D.N.Y. Nov. 30, 2020) (denying relation back where discrimination claims involved different conduct and elements). The same principle applies here. Because Plaintiffs failed to allege even a generalized theory of discriminatory motive in the original Complaint, there is no factual predicate for relation back.

Accordingly, to the extent that any of the alleged discriminatory acts occurred prior to June 26, 2022 (NYSHRL/NYCHRL), those claims are time-barred.

### CONCLUSION

Based on the above, Defendants respectfully submit that Plaintiff's motion for leave to file an Amended Complaint should be denied. Thank you for your kind consideration and courtesies.

> Respectfully submitted,
>
> /s/ *Michael K. Chong*
>
> Michael K. Chong, Esq.

MKC/kd
cc: Plaintiff's counsel (*via ECF*)