UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL GARCIA, et al., <br><br> Plaintiffs, <br><br> -v- <br><br> BURRATA BASIL PIZZA INC., et al., <br><br> Defendants. | 24-CV-7807 (JHR) (RFT) <br><br> **ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Defendants' motion to compel discovery of Plaintiffs states that Plaintiffs unilaterally filed a status update on October 15, 2025, notwithstanding my order that the parties provide joint discovery updates. (*See* ECF 59.) In addition to requesting that Plaintiffs be compelled to respond to a deficiency letter and schedule depositions, Defendants ask that Plaintiffs be sanctioned because (1) Plaintiffs filed a unilateral discovery update; (2) Plaintiffs have failed to respond to Defendants' discovery deficiency letter of July 30, 2025; and (3) Plaintiffs have refused to confirm dates for their depositions, but the scheduling process has been going on "for some time now." (ECF 59.) Plaintiffs respond that Defendants' letter contains inaccuracies. (ECF 60.) As relevant to Defendants' application, Plaintiffs say that the depositions of Defendants will need to be rescheduled because Defendants have not provided certain key discovery, including tax returns and names of Plaintiffs'' co-workers; and that the deposition of one Defendant has been scheduled and that Plaintiffs have suggested dates for the other. (ECF 60.) I am surprised that Plaintiffs did not seek key discovery of Defendants until shortly before the original close of discovery. I am also surprised that Defendants did not raise any issues they

1

were having with a failure by Plaintiffs failure to respond to Defendants' deficiency letter or with scheduling Plaintiffs' depositions in the parties' joint motion for an extension of time to complete discovery, which was filed on the docket by Defendants. Nevertheless, Plaintiffs' motion to compel is GRANTED IN PART as described herein.

With regard to Plaintiffs' failure to respond to Defendants' discovery deficiency letter, Plaintiffs are ordered to respond to Defendants by **October 20, 2025,** and the parties shall meet and confer by **October 24, 2025.** To the extent that the parties are unable to resolve any issues relating to Plaintiffs' document production, Defendants shall raise those issues in a letter to the Court by **October 28, 2025.**

To the extent that Plaintiffs believe there is any outstanding paper discovery owed to them by Defendants, they shall meet and confer with Defendants by **October 24, 2025.** To the extent that the parties are unable to (a) resolve any issues relating to Defendants' paper discovery obligations and (b) agree to a production schedule that permits the depositions of Defendants before the close of discovery in November, Plaintiffs shall raise those issues in a letter to the Court by **October 28, 2025.**

Also by **October 20, 2025,** Defendants shall select dates from the ones offered for the still unscheduled deposition of one of the Plaintiffs; if Defendants fail to do so, Plaintiffs shall, by **October 21, 2025,** notify the Court of that failure and of dates that the remaining Plaintiff is available for deposition; I expect that I would thereafter order that the Plaintiff in question sit for deposition on the first of the dates proposed.

The motion is otherwise DENIED IN PART; in particular, all parties shall bear their own costs.

The Clerk of Court is respectfully requested to terminate **ECF 59**.

A telephonic discovery conference is scheduled for **Wednesday, October 29, 2025 at 10:30 am.** Counsels for Plaintiffs and Defendant are directed to join the conference at the scheduled time. Please dial **(646) 453-4442, Access Code: 739 897 285#**. The parties should be prepared to discuss this order and any outstanding discovery issues.

DATED:  October 16, 2025

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge