UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL GARCIA et al., | |
| Plaintiffs, | 24 Civ. 7807 (JHR) (RFT) |
| -v.- | ORDER ADOPTING REPORT AND RECOMMENDATION |
| BURRATA BASIL PIZZA INC. et al., | |
| Defendants. | |

JENNIFER H. REARDEN, District Judge:

On October 15, 2024, Plaintiffs brought this action against Defendants Burrata Basil Pizza Inc., Ibrahim Khalf, and Emad Youssef for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and related State laws.  ECF No. 1 at 2-3.  On June 26, 2025, Plaintiffs moved for leave to file an amended complaint.  ECF No. 39.  Before the Court is the Report and Recommendation of Magistrate Judge Robyn F. Tarnofsky, ECF No. 54, recommending that Plaintiffs' motion be denied.  *Id.* at 6.  The Court has examined the Report and Recommendation and notes that no objections have been filed.  For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Tarnofsky's recommendation.

## BACKGROUND[1]

Plaintiffs filed their Complaint on October 15, 2024.  ECF No. 1.  On February 4, 2025, the case was referred to Judge Tarnofsky for general pretrial purposes.  ECF No. 18.  On April 15, 2025, Judge Tarnofsky issued an initial case management order setting June 13, 2025 as the deadline for filing an amended complaint.  ECF No. 34.  On June 26, 2025, Plaintiffs sought leave to file an amended complaint adding claims that Defendants discriminated against Plaintiffs on

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed.  *See* ECF No. 54.

account of their race and national origin, in violation of 42 U.S.C. § 1981. *See* ECF Nos. 39, 39-1 (Proposed Amended Complaint) ¶¶ 147-152. On July 1, 2025, Judge Tarnofsky set a deadline of July 11, 2025 for Defendants to oppose Plaintiffs' motion. ECF No. 40. Defendants filed their opposition on July 10, 2025. *See* ECF No. 41. On August 1, 2025, Judge Tarnofsky held a conference to discuss Plaintiffs' motion. *See* ECF Nos. 42, 43.

On August 9, 2025, Judge Tarnofsky issued a Report and Recommendation recommending that Plaintiffs' motion for leave to file an amended complaint be denied. ECF No. 54 at 6.

The Report and Recommendation notified the parties that they had "fourteen days (including weekends and holidays) from service of th[e] Report and Recommendation to file written objections." *Id*. The Report and Recommendation also cautioned that "FAILURE TO OBJECT WITHIN FOURTEEN DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW." *Id*. No objections have been filed, nor has any extension of the time to file objections been requested.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'"

*Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that a failure to file objections would "RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW," ECF No. 54 at 6, the parties did not file any objections to the Report and Recommendation. Thus, the parties waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

Accordingly, the Report and Recommendation is adopted in its entirety. Plaintiffs' motion for leave to amend the Complaint, ECF No. 39, is DENIED. *See* ECF No. 54 at 6.

The Clerk of Court is directed to terminate ECF No. 39.

SO ORDERED.

Dated: March 30, 2026
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

3